IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01782–KMT

ARTIE M. JONES,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

    Defendant.

## ORDER

This matter is before the court on Plaintiff's "Motion for Award of Attorney Fees Pursuant to The Equal Access to Justice Act, 28 U.S.C. Section 2412(d)." (Doc. No. 31.) The Commissioner has filed a Response (Doc. No. 32), to which Plaintiff has replied. (Doc. No. 33.)

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff applied for Disability Insurance Benefits in February 2011, alleging that she had been disabled since August 2010 by bipolar disorder, severe depression, idiopathic hypersomnia, essential tremors, pulmonary hypertension, brain lesions and chronic pain. (Doc. No. 28 ["Order"] at 1.) Following the Commissioner's denial of her application, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (*Id.*) After the hearing, the ALJ determined Plaintiff was not disabled within the meaning of Section 1614(a)(3)(A) of the Social Security Act, because Plaintiff was still capable of performing substantial gainful work in the national economy. (*Id.*) The Appeals Council subsequently denied Plaintiff's request for

review, making the ALJ's decision the final decision of the Commissioner for purposes of judicial review. (*Id.* at 1-2.) Plaintiff appealed the ALJ's decision to this court. (*Id.* at 2.)

On appeal, Plaintiff argued that (1) the ALJ failed to consider all of Plaintiff's medically determinable impairments at step two of the sequential evaluation process (Doc. No. 16 ["Opening Br."] at 16-21) ; (2) also at step two, the ALJ failed to consider the severity of Plaintiff's impairments in combination (*Id.* at 22-26); (3) at step three, the ALJ failed to adequately consider and/or explain whether Plaintiff's medically determinable impairments met or equaled an Appendix 1 Listing (*Id.* at 27-28); (4) the ALJ failed to consider all of Plaintiff's medically determinable impairments when assessing her Residual Functional Capacity ("RFC") (*Id.* at 28-32); (5) the ALJ also failed to explain in the RFC assessment how Plaintiff's moderate mental limitations allowed for the performance of unskilled work (*Id.* at 30-31); and, (6) the ALJ's conclusions at step five were unsupported by substantial evidence. (*Id.* at 32-34.)

The court found little merit with respect to most of these objections but ultimately reversed on one narrow ground, specifically that the ALJ had failed to explain why Plaintiff's moderate mental limitations, which the ALJ found at step three and accepted as part of the consultative examiner's opinion, "allowed the performance of unskilled work." (Order at 12.)

## ANALYSIS

The Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, in order to prevail under the EAJA, a party must show (1) that he was the prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

In a social security case, the plaintiff is the prevailing party when the district court reverses and remands to the Commissioner of Social Security. *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007) (citing 42 U.S.C. § 405(g)("The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."). In its September 22, 2015 Order, this court reversed the decision of the Commissioner to deny Plaintiff benefits and remanded the case to the Commissioner for additional review. Thus, Plaintiff was the prevailing party. The Commissioner has not argued that there are any special circumstances that make an award unjust. Therefore, this analysis focuses on the second prong of § 2412(d)(1)(A) identified above: whether the Commissioner's position was substantially justified.

When contesting an EAJA fee application, the burden is on the government to show that its position was substantially justified. *Hackett*, 475 F.3d at 1170. In litigation following an administrative proceeding, the government's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position. *Id.* at 1174. In the Tenth Circuit, "substantially justified" means that the government's position had a reasonable basis in both law and fact. *Veltman v. Astrue*, 261 F. App'x 83, 85 (10th Cir. 2008). The government's position is not justified if its position is considered unreasonable "as a whole." *Hackett*, 475 F.3d at 1175. However, "[t]he mere fact that there was error in the ALJ's decision

3

does not make the agency's position unreasonable. An agency's position can be justified even though it is not correct." *Veltman*, 261 F. App'x at 86.

The Commissioner maintains that her position was substantially justified with respect to the case as a whole, as well as to the only ground warranting reversal. The Court agrees. Focusing on the latter, the ALJ thoroughly discussed Plaintiff's mental limitations in his decision, even if he failed to explicitly incorporate that discussion into Plaintiff's RFC assessment. Further, as the Commissioner pointed out in its litigation brief, Dr. Ryan, whose opinion the ALJ gave some weight, indicated Plaintiff did not have significant limitations in attention and concentration and had the mental abilities necessary for unskilled work. (Doc. No. 19 at 21-22.) While the court ultimately reversed and remanded the decision for a more explicit analysis of Plaintiff's moderate mental limitations at the RFC stage, the record as a whole establishes that the ALJ genuinely considered Plaintiff's mental limitations when performing his overall assessment of her claim. As such, the Court finds that the Commissioner's position was substantially justified, and Plaintiff is not entitled to fees under the EAJA.

Accordingly, it is

**ORDERED** that Plaintiff's "Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412(d)" (Doc. No. 31) is **DENIED**.

Dated this 6th day of April, 2016.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge